**RIMEDIO et al., Appellants,**

v.

**SUMMACARE, INC. et al., Appellees.**

[Cite as *Rimedio v. SummaCare, Inc.*, 172 Ohio App.3d 639, 2007-Ohio-3244.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 23509.

Decided June 27, 2007.

Stephen J. Pruneski and Robert F. Linton, for appellants.

Frank G. Mazgaj, Jeffrey E. Schobert, and Robert L. Tucker, for appellees.

SLABY, Presiding Judge.

{¶ 1} This appeal arises from a dispute between plaintiffs-appellants, Dr. Nicholas Rimedio and other primary-care physicians, who had written agreements with defendants-appellees SummaCare, Inc. and Akron City Health System, Inc. ("ACHS"). In this appeal, appellants challenge the decisions of the trial court denying their renewed motion to certify a class.

{¶ 2} Appellant Dr. Rimedio is a primary-care physician who entered into a contract with ACHS to provide health services to members of the insurance program formed by ACHS, SummaCare, Inc. Shortly thereafter, appellant entered into an agreement with Northeast Ohio Primary Care Physicians, Inc. ("NEOPCP"), whereby, in exchange for a guaranteed salary, he would assign to NEOPCP his right to all of the revenue that was generated by his services. He also entered into an agreement with ACHS that included a provision that allowed for ACHS's withholding of all or part of a physician's fees in the event that ACHS or SummaCare became insolvent or was threatened with insolvency. That provision read as follows:

Physician agrees that ACHS may withhold all or part of the fee amounts otherwise due in the event of the threatened insolvency of either ACHS or any Sponsor that is a health maintenance organization ("HMO Sponsor") for so long as necessary to prevent the threatened insolvency from maturing into actual insolvency, when required by state or federal law, or by the Ohio Department of Insurance, or by the ACHS or HMO Sponsor board of directors.

{¶ 3} In 1998, ACHS determined that it needed to invoke the withhold provision. It began withholding ten percent on all payments to ACHS member physicians. All member physicians received notice by means of a letter dated June 30, 1998, that the withholding would begin on July 1, 1998. This withhold period lasted until April 1, 2001, and affected approximately 1,400 ACHS member physicians.

{¶ 4} However, not all the physicians were affected in the same way, for the following reasons: (1) some physicians were solo practitioners, while others were members of groups by whom they were employed and given a set salary while

the group (or employer) was subject to withholding, and (2) some of the physicians affected entered the ACHS system after the withhold was in effect, while others were already members when the withhold was instituted. Dr. Rimedio was a member of NEOPCP at the time the withhold provision was instituted, but he terminated that contract in late 1999, and the termination made him personally subject to the ACHS withholds. His contract with ACHS persisted throughout the withholding period.

{¶ 5} Dr. Rimedio originally filed this action on November 8, 2001, on behalf of himself and other physicians similarly situated, alleging that ACHS had breached its contract with its member physicians by instituting the withhold without threat of insolvency and contrary to statute. Other claims raised by Dr. Rimedio included fraud, conversion, and unjust enrichment/quantum meruit. Appellees waived their right to request arbitration with respect to appellant, despite the fact that his contract included an arbitration clause. Dr. Rimedio requested that the trial court certify a class to include the doctors affected by the allegedly improper institution of the withholding by ACHS. After holding two hearings on the certification of the class, the trial court granted class certification to the class of more than 1,400 physicians affected by the withhold provision. It also withdrew the leave it had previously granted to appellees to amend their answer to address the issue of waiver of arbitration clauses in some physicians' contracts. Appellees argued that the arbitration provisions would preclude class certification because some doctors had arbitration agreements in their contracts and others did not, but appellees had intended to waive that provision only with respect to Dr. Rimedio and not with respect to the new plaintiffs who would become members of the class created by the trial court.

{¶ 6} Appellees appealed the trial court's decisions. They alleged that the trial court had improperly denied their motion to amend their answer and that it had erred in certifying the class because Dr. Rimedio was not typical of the proposed class and because Dr. Rimedio could not demonstrate that the class action would satisfy any of the Civ.R. 23(B) class requirements. This court reversed the trial court's decisions. See *Rimedio v. SummaCare, Inc.*, 9th Dist. No. 21828, 2004-Ohio-4971, 2004 WL 2244099 (*"Rimedio I"*). In its opinion, this court held that the trial court had improperly withdrawn appellees' leave to amend their answer. It further held that Dr. Rimedio had not satisfied the typicality and adequacy requirements under Civ.R. 23(A) and had therefore failed to demonstrate the existence of a class. We reversed the trial court's decision to certify the class and declined to decide on the assigned error regarding the Civ.R. 23(B) classification, as it had already determined that a class did not exist. Id.

{¶ 7} After an unsuccessful attempt to appeal this court's decision to the Supreme Court of Ohio, appellants returned to the trial court and filed a renewed

motion to certify a class on May 23, 2005. Appellees filed their brief in opposition to appellants' motion on June 7, 2005. On September 9, 2005, appellants filed a motion to amend their complaint, which was granted by the trial court at a hearing on September 23, 2005, and the amended complaint was deemed admitted at that time. After the submission of supplemental briefs, the trial court denied appellants' motion to certify on October 25, 2006, entering a final, appealable order.

{¶ 8} Appellants now appeal the trial court's decision denying their renewed motion to certify a class, raising three assignments of error.

## FIRST ASSIGNMENT OF ERROR

The trial court erred in determining that [appellants'] renewed motion for class certification is barred by the doctrine of res judicata and/or law of the case.

{¶ 9} In an appeal of a trial court's decision on a motion to certify a class, an appellate court reviews the trial court's judgment for an abuse of discretion. See *Baughman v. State Farm Mut. Auto. Ins. Co.* (2000), 88 Ohio St.3d 480, 482–483, 727 N.E.2d 1265. An abuse of discretion is more than an error of law or judgment; rather, it is a finding that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 10} A class action is permitted under Civ.R. 23(B), subject to the satisfaction of the following prerequisites:

(1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable ("numerosity"); (4) there must be questions of law or fact common to the class ("commonality"); (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class ("typicality"); (6) the representative parties must fairly and adequately protect the interests of the class ("adequacy"); and (7) one of the three Civ.R. 23(B) requirements must be met.

*Carder Buick–Olds Co. v. Reynolds & Reynolds, Inc.*, 148 Ohio App.3d 635, 2002-Ohio-2912, 775 N.E.2d 531, at ¶ 19, citing *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 71, 694 N.E.2d 442.

{¶ 11} The last of these requirements refers to the three different grounds for maintaining a class action under Civ.R. 23(B). The Civ.R. 23(B) classes are unique and independent of one another, and any given class must satisfy the

requirements of only one of the three types. Appellants sought to certify a class under Civ.R. 23(B)(3), which requires (in addition to the six general requirements of class actions) that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members" ("predominance"), and that the "class action is superior to other available methods for the fair and efficient adjudication of the controversy" ("superiority"). Civ.R. 23(B)(3).

{¶ 12} When a trial court considers a motion to certify a class, it accepts as true the allegations in the complaint, without considering the merits of those allegations and claims. *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d 230, 232–234, 12 OBR 313, 466 N.E.2d 875. "Any doubts a trial court may have as to whether the elements of class certification have been met should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as developing circumstances demand, including the augmentation or substitution of representative parties." *Helman v. EPL Prolong, Inc.,* 7th Dist. No. 2001 CO 43, 2002-Ohio-5249, 2002 WL 31170363, at ¶ 20, citing *Carder Buick–Olds Co., Inc.,* 148 Ohio App.3d 635, 2002-Ohio-2912, 775 N.E.2d 531, citing *Baughman,* 88 Ohio St.3d at 487, 727 N.E.2d 1265.

{¶ 13} The trial court denied appellants' renewed motion to certify the class based on this court's reversal of the trial court's original decision to certify the class in *Rimedio I,* 2004-Ohio-4971, 2004 WL 2244099. The trial court held that Dr. Rimedio was barred from filing successive motions to certify the class by the doctrine of issue preclusion and law of the case. We disagree and hold that the trial court misinterpreted our decision in *Rimedio I.*

{¶ 14} In *Rimedio I,* we held that Dr. Rimedio was not typical of the class because some of the class members had contracts with arbitration clauses and others did not, and Dr. Rimedio, the only named plaintiff, was not subject to the arbitration provision of his contract. We held that Dr. Rimedio, as the only named plaintiff, did "not have sufficient incentive to argue all of the defenses or claims of the rest of the class." *Rimedio I* at ¶ 25. Accordingly, we held that the class did not meet the typicality requirement of Civ.R. 23(A)(4). While our decision may have been the law of the case vis-à-vis an attempt to recertify the class with Dr. Rimedio as the only named plaintiff, it was not the law of the case vis-à-vis the new plaintiffs named in the amended complaint.

{¶ 15} This court has not foreclosed inquiry into whether the newly added plaintiffs cure the initial problem with respect to typicality. Nor does our decision in *Rehoreg v. Stoneco, Inc.,* 9th Dist. No. 04CA008481, 2005-Ohio-12, 2005 WL 19438, bar such an inquiry. *Rehoreg* at ¶ 10. In *Rehoreg,* we held, on narrow facts, that a party could not assert a renewed motion for class certifica-

tion when the original motion to certify the class was denied and not appealed. In *Rehoreg,* we held that the law of the case applied to prevent a renewed attempt to certify a class by the same plaintiffs because the issue that prevented certification originally was the same issue that was being "resubmitted to [the second trial judge] merely seeking a different outcome." Id.

{¶ 16} The issue we addressed in *Rimedio I,* 2004-Ohio-4971, 2004 WL 2244099, was typicality in that Dr. Rimedio, as the only named plaintiff, had waived his right to arbitrate the dispute while other members of the class had not, thereby calling into question whether Dr. Rimedio would have sufficient incentive to resolve the dispute in a way benefiting the entire class. Appellants now argue that they have "fixed" this problem by adding six new plaintiffs, some with enforceable arbitration provisions and others without. Indeed, despite the fact that the renewed motion to certify the class is missing from the record, the amended complaint, filed with the permission of the trial court, identifies the newly named plaintiffs as Dr. Poling, Dr. Pap, Dr. Linz, Dr. Mayors, Dr. Sprance, and Dr. Bisconti and asserts that the class, with these doctors as representatives, "may be divided into subclasses of those physicians whose Member Physician Agreement contained an arbitration clause and those whose Agreement did not." Despite the fact that the trial court granted appellants leave to amend their complaint to add the newly named parties, it failed to determine whether Civ.R. 23(B) requirements were satisfied by the new class proposed in the amended complaint. Our decision in *Rimedio I* does not prevent the trial court, upon proper analysis, from certifying one of the 23(B) type classes.

{¶ 17} Nor is the renewed motion to certify the class barred by the doctrine of res judicata. Based on our analysis above, the renewed motion is not an attempt by a party or a person in privity to relitigate an issue already raised and decided by judgment in a prior action and thus is not barred by the doctrine of res judicata. See *Kirkhart v. Keiper,* 101 Ohio St.3d 377, 2004-Ohio-1496, 805 N.E.2d 1089, at ¶ 5.

{¶ 18} Based on the foregoing, we sustain appellants' first assignment of error and reverse the trial court's denial of appellants' renewed motion to certify the class on the basis of res judicata or law of the case and remand this matter to the trial court for proceedings consistent with this opinion.

## SECOND ASSIGNMENT OF ERROR

The trial court erred in determining that appellants' claims are not typical of other potential class members.

## THIRD ASSIGNMENT OF ERROR

The trial court erred in determining that appellants cannot satisfy the requirements for class certification under Civil Rule 23(B).

{¶ 19} Based on our decision related to appellants' first assignment of error, appellants' second and third assignments of error are moot.

Judgment reversed
and cause remanded.

WHITMORE and CARR, JJ., concur.