NAGEL, Appellant,

v.

HUNTINGTON NATIONAL BANK, Appellee.

[Cite as *Nagel v. Huntington Natl. Bank*, 179 Ohio App.3d 126, 2008-Ohio-5741.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90662.

Decided Nov. 6, 2008.

128

Dworken & Bernstein Co., L.P.A., and Patrick J. Perotti; and Brian G. Ruschel, for appellant.

Porter, Wright, Morris & Arthur, L.L.P., Hugh E. McKay, and Jennifer T. Mills, for appellee.

---

James J. Sweeney, Administrative Judge.

{¶ 1} Plaintiff-appellant, Margaret C. Nagel, appeals from the trial court's decision denying class certification in her complaint against defendant-appellee, the Huntington National Bank. Because we conclude that the trial court incorrectly determined the merits of the underlying case when it ruled that Nagel was not a member of the class she was seeking to represent, we reverse the trial court's decision and remand this case for further proceedings.

{¶ 2} The following facts are undisputed. On May 2, 1995, Nagel secured a personal line of credit with Huntington. On or about December 22, 2001, Nagel paid off the loan in full. On March 29, 2002, the satisfaction for the payoff was recorded with the Cuyahoga County Recorder.

{¶ 3} On December 19, 2006, Nagel filed a class-action complaint against Huntington alleging violation of R.C. 5301.36, namely, that Huntington failed to file an entry of satisfaction of mortgage with the Cuyahoga County Recorder within 90 days of full payment of the mortgage. Nagel seeks automatic damages ($250), interest, and costs as allowed under R.C. 5301.36(C).

{¶ 4} On March 27, 2007, Nagel filed a motion and brief in support for class certification seeking to represent a class of all persons who, from September 19, 2000, paid residential mortgages in full and Huntington did not file an entry of satisfaction of mortgage with the Cuyahoga County Recorder's office within 90 days of loan payoff.

{¶ 5} On August 24, 2007, a hearing was held on the motion for class certification. On November 5, 2007, the trial court issued an opinion and ruling denying Nagel's motion for class certification on the basis that Nagel did not meet the factors found in Civ.R. 23. Specifically, the trial court concluded that Nagel was not a member or an adequate representative of the class she was seeking to represent and that her claims were not typical of the group because her release was timely mailed and Huntington was entitled to a presumption of timely delivery.

{¶ 6} It is from this order that Nagel timely appeals and asserts one assignment of error, which states:

{¶ 7} "I. The trial court erred in denying plaintiff's motion for class certification. The trial court erred in making a 'finding' that plaintiff will lose on the merits of her claim where that was a merits issue the class was being certified to answer. *Ojalvo v. Bd. of Trustees of Ohio State Univ.* (1984), 12 Ohio St.3d [230] 320 [12 OBR 313, 466 N.E.2d 875]; *Dublin [Dubin] v. Sec. Union Title Ins. Co.,* 162 Ohio App.3d 97, 2005-Ohio-3482 [832 N.E.2d 815] (trial court which denies class certification based on a finding that the named plaintiff will lose on the merits commits reversible error). The trial court further erred in assessing court costs against plaintiff."

{¶ 8} A trial court has broad discretion in determining whether to certify a case as a class action and an appellate court should not reverse a class-action determination absent an abuse of discretion. *Marks v. C.P. Chem. Co.* (1987), 31 Ohio St.3d 200, 31 OBR 398, 509 N.E.2d 1249. However, a trial court's discretion on the question of class certification is not unlimited and must be exercised within the framework of Civ.R. 23. *Hamilton v. Ohio Sav. Bank* (1998), 82 Ohio St.3d 67, 70, 694 N.E.2d 442. The trial court is required to carefully apply the class-action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied. Id. See also *Brandow v. Wash. Mut. Bank,* Cuyahoga App. No. 88816, 2008-Ohio-1714, 2008 WL 963132.

{¶ 9} Before an action may be certified as a class action, the trial court must make seven affirmative findings: (1) an identifiable class must exist and the definition of the class must be unambiguous, (2) the named representatives must be members of the class, (3) the class must be so numerous that joinder of all the members is impracticable (numerosity), (4) there must be questions of law or fact common to the class (commonality), (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality), (6) the representative parties must fairly and adequately protect the interests of the class (adequacy), and (7) questions of law or fact common to the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Hamilton,* 82 Ohio St.3d at 79–80, 694 N.E.2d 442.

{¶ 10} When a trial court considers a motion to certify a class, it must assume the truth of the allegations in the complaint, without considering the merits of those allegations and claims. See *Ojalvo v. Bd. of Trustees of Ohio State Univ.,* 12 Ohio St.3d at 233, 12 OBR 313, 466 N.E.2d 875; *Estate of Reed v. Hadley,* 163 Ohio App.3d 464, 472–73, 2005-Ohio-5016, 839 N.E.2d 55. " 'Any doubts a trial court may have as to whether the elements of [the] class certification have been met should be resolved in favor of upholding the class, subject to the trial court's authority to amend or adjust its certification order as

developing circumstances demand, including the augmentation or substitution of * * * parties.'" *Rimedio v. SummaCare,* 172 Ohio App.3d 639, 644, 2007-Ohio-3244, 876 N.E.2d 986, quoting *Helman v. EPL Prolong, Inc.,* 7th Dist. No. 2001 CO 43, 2002-Ohio-5249, ¶ 20, 2002 WL 31170363.

{¶ 11} Here, the trial court's decision to not certify the class was clearly based on the merits of the underlying case. The trial court ruled that Nagel had not satisfied the second, fifth, and sixth requirement of class certification and thus was not a member of the class, based on the finding that Huntington had timely mailed her mortgage release.

{¶ 12} Questions going to the merits of the action are not to be determined at the class-certification stage. *Ojalvo,* 12 Ohio St.3d at 233, 12 OBR 313, 466 N.E.2d 875. Determining the merits of a claim at the class-certification stage constitutes an abuse of discretion. Id. at 236, 12 OBR 313, 466 N.E.2d 875. The merits of the essential issue in the case at bar, whether the "date of mailing" is equivalent to the "date of filing," should not be at issue at this juncture in the proceedings. A trial court may examine the underlying claims, but only for the purpose of determining whether common questions exist and predominate and not for the purpose of determining the validity of such claims. *George v. Ohio Dept. of Human Servs.* (2001), 145 Ohio App.3d 681, 687, 763 N.E.2d 1261.

{¶ 13} Here, we find that the trial court's decision to not certify the class constituted an abuse of discretion because it was based on the merits of the underlying claims. However, even if we were to find that the issue of "mailing vs. filing" was somehow intrinsically related with the definition of "who is a member of the class," we would still reverse for the following reasons.

{¶ 14} R.C. 5301.36 requires that "[w]ithin ninety days from the date of the satisfaction of a residential mortgage, the mortgagee shall record the fact of the satisfaction in the appropriate county recorder's office and pay any fees required for the recording. The mortgagee may, by contract with the mortgagor, recover the cost of the fees required for the recording of the satisfaction by the county recorder."

{¶ 15} This court has previously held that "the 'filing' of a document is distinct from the 'service' of a document." See *Rimmer v. Citifinancial, Inc.,* Cuyahoga App. No. 89407, 2008-Ohio-1814, 2008 WL 1747431; *Ohio Leitina Co. v. McCormack* (Dec. 18, 1997), Cuyahoga App. No. 72127, 1997 WL 781726; *Great N. Partnership v. Cuyahoga Cty. Bd. of Rev.* (July 19, 1990), Cuyahoga App. No. 57277, 1990 WL 100445; *Great N. Properties Co. v. McCormack* (Mar. 10, 1994), Cuyahoga App. Nos. 64868, 64893, 64912, 65346, 65504, and 66586, 1994 WL 77895. Simply mailing a document does not constitute a "filing." See *Rimmer,* 2008-Ohio-1814, 2008 WL 1747431, citing *Rhoades v. Harris II* (1999), 135 Ohio

App.3d 555, 557, 735 N.E.2d 6. It must be actually delivered to and received by the official custodian. Id. Pursuant to R.C. 317.12 and 317.13, the county recorder is required to endorse the date of filing on each document filed in a case. The file-stamped date is presumed to reflect the actual date of filing or recording. Id., citing *Ins. Co. of N. Am. v. Reese Refrig.* (1993), 89 Ohio App.3d 787, 790–791, 627 N.E.2d 637. However, this presumption can be refuted by evidence showing that the recorder's office clerk received the document on a different date.

{¶ 16} Here, the trial court found that Huntington was entitled to a presumption of timely delivery based upon the following evidence: (1) the check for the filing fee was signed on February 11, 2002; (2) the satisfaction was signed and notarized on January 4 or 7, 2002 [1]; and (3) two other certificates of mortgage satisfaction that were prepared on the same date were time-stamped by the appropriate county recorder's office on February 26, 2002, and February 27, 2002, respectively. The trial court, relying upon *Gilbert v. Fifth Third Bancorp*, 159 Ohio App.3d 56, 2004-Ohio-5829, 823 N.E.2d 11, found that Huntington "took all necessary steps" to ensure that the mortgage satisfaction was properly recorded.

{¶ 17} The trial court's reliance on *Gilbert* was misplaced. In *Gilbert*, Fifth Third presented evidence that it had a computer tracking system that noted the date of printing and of shipping and that the actual shipping date was manually entered into the tracking system. Id. at ¶ 33. Here, Huntington presented no independent corroborating evidence that Nagel's release was actually mailed. Huntington did not use certified mail or obtain any proof of mailing.[2] Huntington did not establish that the envelope was properly addressed, had sufficient postage, and was properly deposited in the mail on February 11, 2002 (the same date the check was signed).[3] Indeed, Ms. McKee, the financial representative who handled Nagel's release, testified that she had no personal knowledge if Nagel's release was actually mailed, since Huntington does "not keep track of when we actually mail [the releases]." She also testified that she had no personal knowledge of when the check was issued other than she saw a copy of the check. Huntington's claim that Nagel's release was timely mailed is based solely on the fact that two other mortgage satisfactions with the same date on the check were

---

1. There is a discrepancy in the record as to when the release was notarized.

2. See *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 12 O.O.3d 198, 389 N.E.2d 1113 (the Ohio Supreme Court applied a presumption of timely delivery when the filing was sent by certified mail).

3. See *Gilbert*, 159 Ohio App.3d 56, 2004-Ohio-5829, 823 N.E.2d 11, ¶ 29 (presumption of due receipt of a letter sent through the mail arises upon proof that the letter was (1) properly addressed, (2) had sufficient postage, and (3) was properly deposited in the mail).

filed in Delaware County and Clinton County on February 26, 2002, and February 27, 2002, respectively.

{¶ 18} Accordingly, for the aforementioned reasons, we find that the trial court erred when it found that Huntington was entitled to a presumption that Nagel's release and satisfaction was timely filed with the county recorder's office. The only evidence of delivery is the "recorded" and "time-stamped" copy of Nagel's release on March 29, 2002. This file-stamped date is presumed to reflect the actual date of filing or recording. See *Rimmer*, 2008-Ohio-1814, 2008 WL 1747431; *Rhoades v. Harris II*, 135 Ohio App.3d 555, 735 N.E.2d 6.

{¶ 19} When an appellate court finds an abuse of discretion, it should not proceed to formulate the class or issue itself but should remand the matter to the trial court for such a determination. See *Marks v. C.P. Chem. Co.*, 31 Ohio St.3d at 201, 31 OBR 398, 509 N.E.2d 1249. Accordingly, we reverse and remand this matter to the trial court for determination of class certification in conformity with this opinion.

{¶ 20} Nagel's sole assignment of error is sustained.

{¶ 21} Huntington offers two cross-assignments of error, as follows:

{¶ 22} "Cross–Assignment of Error I. The trial court erred when it concluded that the one-year limitations period of R.C. 1109.69 did not bar the claims of appellant and her proposed class members.

{¶ 23} "Cross–Assignment of Error II. The trial court erred when it concluded that appellant met the burden of proving the predominance and superiority as required by Civ.R. 23(B)(3)."

{¶ 24} As an initial matter, we note that R.C. 2505.22 permits the filing of assignments of error by an appellee who has not appealed in circumstances where the appellee is seeking to protect the judgment of the lower court. See *Parton v. Weilnau* (1959), 169 Ohio St. 145, 170–171, 8 O.O.2d 134, 158 N.E.2d 719; *Glidden Co. v. Lumbermens Mut. Cas. Co.*, 112 Ohio St.3d 470, 2006-Ohio-6553, 861 N.E.2d 109, ¶ 30–32. Here, Huntington's arguments with regard to the statute of limitations and the Civ.R. 23 factors of predominance and superiority are raised to protect its judgment in the trial court. Accordingly, we shall address the merits of the arguments.

{¶ 25} First, we find that the statute of limitations for this case is governed by R.C. 5301.36, which is six years, and not R.C. 1109.69, which is one year. Nagel's suit against Huntington alleges violations of R.C. 5301.36. The Ohio Supreme Court has ruled that the applicable statute of limitations for actions for statutory damages under R.C. 5301.36(C) is six years. See *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599.

{¶ 26} Huntington's first cross-assignment of error is overruled.

{¶ 27} Next, we find that the trial court did not err in finding that Nagel met her burden of demonstrating the factors of predominance and superiority necessary for class certification. While there may be individualized legal issues, there is but one question of law that clearly predominates in this case, specifically, whether Huntington violated its duty to record a satisfaction of mortgage within 90 days from the date of payoff. A single adjudication as a class action is the most efficient and fair manner by which to resolve the matter. *Schmidt v. Avco Corp.* (1984), 15 Ohio St.3d 310, 313, 15 OBR 439, 473 N.E.2d 822.

{¶ 28} Huntington's second cross-assignment of error is overruled.

{¶ 29} Nagel's sole assignment of error having been sustained, and Huntington's two cross-assignments of error having been overruled, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McMonagle and Stewart, JJ., concur.