MARY J. BOYLE, P.J.:
{¶ 1} Defendant-appellant, Barbara Sears, the director of Ohio's Department of Medicaid ("the Department"), appeals the trial court's order granting the plaintiffs' motion to certify a class. The Department raises five assignments of error for review:
1. R.C. 5160.37(P) deprived the court of subject matter jurisdiction to proceed or certify a class.
*348 2. The court erred by including individuals in the class who repaid money before April 6, 2009.
3. The court erred by finding that Civ.R. 23(B)(2) applied despite the fact that Plaintiffs' primary goal was monetary relief.
4. The court erred by failing, while reviewing Civ.R. 23(B)(2) and (3), to examine whether any damage calculations would be made class-wide or would require mini-trials.
5. The court erred by failing to determine whether class certification was clearly superior to the administrative proceedings under R.C. 5160.37(L).
{¶ 2} Finding no merit to the Department's assignments of error, we affirm.
I. Procedural History and Factual Background
{¶ 3} On April 5, 2013, Michael Pivonka and Lisa Rijos, plaintiffs-appellees, filed a class action complaint for equitable relief in the court of common pleas against the Department. Prior to the instant litigation, plaintiffs separately recovered money from tort litigation against third parties, and the Department received a portion of plaintiffs' recoveries due to the fact that plaintiffs received Medicaid benefits in the form of payments for medical expenses.
{¶ 4} Specifically, in September 2005, Pivonka reached a settlement agreement with a third party whose negligence injured him. Pivonka received Medicaid benefits for his injuries. The Department collected $7,108.74 from Pivonka's settlement. In 2013, Rijos received a jury verdict based on injuries she suffered as the result of a negligent third party. She received Medicaid benefits that paid for her medical expenses. The Department collected $703.16 from that judgment.
{¶ 5} Plaintiffs' complaint alleged that they "were forced to forfeit a portion of their tort recover[ies] to [the Department] pursuant to a demand by [the Department] of a right of subrogation pursuant to Section 5101.58 of the Ohio Revised Code." Plaintiffs' complaint alleged that the Department was unjustly enriched because the Department "wrongfully collected" monies from them as well as "a class of similarly situated tort victims" under R.C. 5101.58, which they argued was invalid according to two United States Supreme Court cases, Arkansas Dept. of Health & Human Servs. v. Ahlborn , 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 (2006), and Wos v. E.M.A. , 568 U.S. 627, 133 S.Ct. 1391, 185 L.Ed.2d 471 (2013). In those cases, the court held that states may only recover the portion of a Medicaid recipient's settlement or judgment that is actually attributable to medical expenses. Ahlborn at 282, 126 S.Ct. 1752 ; Wos at 628-629, 133 S.Ct. 1391.
{¶ 6} Plaintiffs further alleged that the Department's "collection of monies pursuant to [ R.C. 5101.28 ] was and is wrongful and all monies [the Department] collected must be disgorged." Plaintiffs asked the court to declare a class action under Civ.R. 23, declare R.C. 5101.28 as preempted by the federal Medicaid statute's anti-lien provision as unconstitutional, and to "issue a restitution Order in equity requiring [the Department] to repay all amounts collected * * * pursuant to the invalid and unconstitutional Subrogation Statute[.]" Plaintiffs also requested post-judgment interest and "further relief in equity as this Court deems necessary and proper." Plaintiffs moved for class certification shortly after.
{¶ 7} The Department moved to dismiss the complaint, arguing that the cases upon which plaintiffs relied, Wos and Ahlborn , were distinguishable and that "even if *349 R.C. 5101.58 is inconsistent with [or preempted by] federal law (which it is not), federal law required Plaintiffs to repay [the Department] the portions of their tort recoveries that included damages for medical expenses."
{¶ 8} Plaintiffs opposed the Department's motion, and the trial court denied the motion to dismiss. As a result, the Department subsequently filed an answer, denying the allegations and asserting affirmative defenses.
{¶ 9} In August 2013, the Department moved for summary judgment and opposed plaintiffs' motion for class certification. The Department argued that (1) plaintiffs did not meet the "need requirement," (2) "the proposed class does not distinguish between various types of potential class members[,]" (3) plaintiffs failed to attach evidence to their motion, (4) plaintiffs "will not be adequate class representatives because they do not have meritorious claims[,]" and (5) "the class is improperly defined because there is only a four year statute of limitations." The Department also argued that Wos and Ahlborn were distinguishable, pointed to statutory interpretation rules related to R.C. 5101.58 that supported its position, and argued that R.C. 5101.58 is constitutional and that plaintiffs were not entitled to restitution. It additionally argued that Pivonka was barred from recovery because he settled his claim with the Department.
{¶ 10} The plaintiffs filed a reply brief in support of their motion for class certification and filed a separate motion opposing the Department's motion for summary judgment.
{¶ 11} In September 2015, the Department moved for a judgment on the pleadings. Plaintiffs opposed this motion as well.
{¶ 12} The trial court denied the Department's motion for summary judgment and motion for judgment on the pleadings.
{¶ 13} The Department then filed a supplemental brief in opposition to class certification based on "two significant developments that impact class certification: (1) the General Assembly has added an administrative process that permits individuals to request a hearing to challenge the default allocation in R.C. 5160.37 and former R.C. 5101.58," and (2) the Ohio Supreme Court's decision in Cullen v. State Farm Mut. Auto Ins. Co. , 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614.
{¶ 14} In December 2017, the trial court granted plaintiffs' motion for class certification. As to the Department's argument that plaintiffs' motion for class certification should be denied for lack of evidence, the trial court stated, " Civil Rule 23 does not explicitly require evidence on a motion to certify a class." The trial court continued,
Here, there appear to be no material issues of fact about the course of the named plaintiffs' dealings with the [Department] and the dispute turns on the purely legal question of whether the department had any legal right to put a lien on tort recoveries of the named plaintiffs and the rest of the class. Other than the numerosity requirement of Civil Rule 23(A)(1), it is hard to see what evidence would make a difference to a determination of the other threshold class requirements.
{¶ 15} Turning to the Department's argument that the validity of the subrogation statute must be decided before class certification, the trial court stated,
[T]he essence of this lawsuit - the claim that the subrogation statute is invalid and thus anything collected under it must be restituted - is exactly what makes it suitable for class action status because it will settle the issue once in *350 one case for all class members. If anything, a determination on the merits is best made only after a class is certified, not before.
{¶ 16} The trial court then analyzed the requirements for maintaining a class action under Civ.R. 23(C) and the Department's arguments in opposition. The trial court found that plaintiffs' proposed class satisfied the identifiability, numerosity, commonality, and typicality requirements, that Pivonka and Rijos were adequate class representatives, and that there was adequacy of representation.
{¶ 17} The trial court also rejected the Department's argument that plaintiffs' proposed class failed to distinguish between members who settled their claims and who paid upon request, stating, "[I]f the money was collected under the authority of an illegal law then those distinctions do not matter because no payment was truly voluntary even if it was less than the department demanded." It also stated that if discovery revealed a reason to separate class members based on those factors, then it would create a subclass.
{¶ 18} The trial court also addressed the Department's argument that plaintiffs' proposed class was ill-defined because it included members whose claims were barred by the four-year statute of limitations. The trial court rejected that argument, saying,
[T]he statute of limitations is an affirmative defense. If the defendant proves that the correct statute of limitations is four years, and not the six-year statute of limitations for the claim of unjust enrichment[,] then the class definition can be appropriately modified. * * * It would be unjust to exclude one-third of the class before the statute of limitations defense is proved.
{¶ 19} Finally, the trial court found that plaintiffs satisfied the requirements in Civ.R. 23(B)(2) and (3). Noting plaintiffs' complaint sought a declaration "that Ohio Revised Code 5101.58 is preempted by the federal Medicaid statute's anti-lien provision and is unconstitutional as violating the Supremacy Clause" and "a restitution Order in equity requiring Defendant to repay all amounts collected by Defendant pursuant to the invalid and unconstitutional Subrogation Statute[,]" the trial court found that the plaintiffs satisfied Civ.R. 23(B)(2), which permits a class action when final injunctive relief or corresponding declaratory relief is appropriate. The trial court also found that plaintiffs satisfied the predominance and superiority requirements in Civ.R. 23(B)(3).
{¶ 20} As a result, the trial court granted plaintiffs' motion for class certification, stating that the certified class includes "[a]ll persons who paid any amount to defendant pursuant to O.R.C. 5101.58 from April 6, 2007, until April 5, 2013 [the date the lawsuit was filed], without requirement of court order."
{¶ 21} The Department now appeals.
II. Law and Analysis
A. A Background on Medicaid, R.C. 5101.58, and 5160.37
{¶ 22} A background on Ohio's Medicaid structure is necessary before addressing the merits of this appeal:
The Medicaid program provides joint federal and state funding of medical care for individuals who cannot afford to pay their own medical costs. Although federal law does not compel states to participate in Medicaid, all states have chosen to join the program. Participating in Medicaid subjects the states to certain statutory requirements. Among those requirements is that the state agency charged with managing Medicaid must take reasonable measures to determine *351 the liability of third parties to pay for medical services and, if such liability is determined after the state has made payments for medical services, the agency must seek reimbursement for those payments to the extent of such liability. Ahlborn at 275-76 [126 S.Ct. 1752], citing 42 U.S.C. 1396a(a)(25)(A) and (B) ; Mulk v. Ohio Dept. of Job & Family Servs. , 10th Dist. [Franklin] No. 11AP-211, 2011-Ohio-5850 [969 N.E.2d 1254], ¶ 8.
Encompass Indemn. Co. v. Bates, 10th Dist. Franklin No. 11AP-1010, 2012-Ohio-4503, 2012 WL 4502941, ¶ 14.
{¶ 23} 42 U.S.C. 1396 requires states to "enact laws providing that, where a third party has legal liability to make payments for medical expenses, the state will be considered to have acquired the rights of the injured party to seek payments to the extent that the state provided assistance with medical expenses." Encompass at ¶ 14, citing Ahlborn , 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459 ; 42 U.S.C. 1396a(a)(25)(H) ; and Mulk .
{¶ 24} In 1976, Ohio enacted R.C. 5101.58, which granted the state's Medicaid program an "automatic right of recovery" for any costs paid on behalf of a Medicaid recipient. 1976 Am.Sub.H.B. No. 707. Since its enactment, R.C. 5101.58 has been amended numerous times. There are three versions of the statute that are relevant to the present appeal: (1) the pre-September 2007 version; (2) the post-September 2007 version; and (3) the 2013 version.
{¶ 25} Prior to September 2007, R.C. 5101.58 stated that "the entire amount of any settlement or compromise of the action or claim, or any court award or judgment, is subject to the recovery right of the [D]epartment[.]" 2003 Am.Sub.H.B. 95.
{¶ 26} In 2007, the General Assembly amended R.C. 5101.58's language, changing the amount that was subject to the Department's recovery. 2007 Am.Sub.H.B. No. 119. This version of the statute said that "[a]fter fees, costs, and other expenses are deducted from the total judgment [or] settlement, * * * the [D]epartment * * * shall receive no less than one-half of the remaining amount, or the actual amount of medical assistance paid, whichever is less."
{¶ 27} In 2013, R.C. 5101.58 was amended again and renumbered as R.C. 5160.37. 2013 Am.Sub.H.B. No. 59. R.C. 5160.37 still gave the Department an "automatic right of recovery * * * against the liability of a third party for the cost of medical assistance paid on behalf of the recipient." However, the statute stated that the Department's "claim shall not exceed the amount of medical assistance paid * * * on behalf of the recipient."
{¶ 28} Regarding the major amendments, R.C. 5160.37 also created a rebuttable presumption as to the amount that the Department could recover from an award or settlement. Subsection (G)(2) of the statute provided, "After fees, costs, and other expenses are deducted from the total judgment, award, settlement, or compromise, there shall be a rebuttable presumption that the [D]epartment * * * shall receive no less than one-half of the remaining amount, or the actual amount of medical assistance paid, whichever is less."
{¶ 29} The 2013 changes to R.C. 5160.37 also set forth the method for rebutting that presumption. To do so, a recipient must request a hearing and present "clear and convincing evidence that a different allocation is warranted." Id. Additionally, R.C. 5160.37(M) added language providing a recipient the right to appeal a decision from the hearing examiner to the director of Medicaid as well as the right to file an appeal with the court of common pleas. Id.
*352 {¶ 30} R.C. 5160.37(P) further explained that subsections (L) and (N), which "specify the sole remedy available to a party who claims the department * * * has received or is to receive more money than entitled to receive[,]" "are remedial in nature and [should] be liberally construed by the courts[.]"
{¶ 31} With the above in mind, we now turn to the merits of this appeal.
B. Subject Matter Jurisdiction
{¶ 32} In its first assignment of error, the Department argues that the trial court (1) failed to review whether it had subject matter jurisdiction, (2) improperly ruled on class certification before addressing a challenge to its subject matter jurisdiction, and (3) lacked subject matter jurisdiction. The Department points to R.C. 5160.37(P), which states that subsections (L) and (N) - providing individuals a right to a hearing before the Department and a right to appeal the Department's decision to a court of common pleas - "specify the sole remedy available to a party who claims the department * * * has received or is to receive more money than entitled to receive[.]" In other words, the Department argues that the trial court lacked subject matter jurisdiction because R.C. 5160.37(P) gives the Department jurisdiction to hold a hearing on the matter and that the court of common pleas only has jurisdiction to hear an appeal from the Department's decision.
{¶ 33} In response, plaintiffs argue in relevant part that failure to exhaust an administrative remedy is an affirmative defense and does not divest the trial court of subject matter jurisdiction. Plaintiffs also argue that the Department lacked the power to consider their constitutional challenge of the statute and, therefore, that they were not required to exhaust the administrative process set forth in R.C. 5160.37.
{¶ 34} Foremost, the Department's argument is that the trial court lacked subject matter jurisdiction because the Department had exclusive jurisdiction, not that plaintiffs failed to exhaust administrative remedies. "[F]ailure to exhaust administrative remedies does not effect [sic] a court's subject matter jurisdiction, but is an affirmative defense which must be timely asserted in an action or it will be considered waived." Cleveland v. Bosak Dairy , 8th Dist. Cuyahoga No. 65951, 1994 WL 408076, 2 (Aug. 4, 1994) ; see also Telsat, Inc. v. Micro Ctr., Inc. , 10th Dist. Franklin No. 10AP-229, 2010-Ohio-5628, 2010 WL 4683575, ¶ 16, quoting Jain v. Ohio State Med. Bd. , 10th Dist. Franklin No. 09AP-1180, 2010-Ohio-2855, 2010 WL 2502217 (" 'The failure to exhaust administrative remedies is not a jurisdictional defect, but is rather an affirmative defense if timely asserted and maintained.' "). As a result, a discussion of failure to exhaust administrative remedies is unnecessary.
{¶ 35} " 'Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action.' " ABN AMRO Mtge. Group, Inc. v. Evans , 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, 2011 WL 5326070, ¶ 5, quoting Udelson v. Udelson , 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462, 2009 WL 4695358. In fact, "jurisdiction" means "the courts' statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Environment , 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ; Gowdy v. Cuyahoga Cty. Dept. of Children & Family Servs. , 8th Dist. Cuyahoga No. 95956, 2011-Ohio-2156, 2011 WL 1744430, ¶ 13. Because it is a question of law, we analyze whether the trial court had subject matter jurisdiction de novo. Id.
*353 {¶ 36} We agree with the Department that subject matter jurisdiction is a threshold issue because it determines whether a trial court has the power to act in a given case. If a trial court lacks subject matter jurisdiction, it cannot act or rule upon the issues presented. Sunrise Coop., Inc. v. Joppeck , 9th Dist. Lorain No. 16CA010984, 2017-Ohio-7654, 2017 WL 4127852, ¶ 14 ; Ohio Multi-Use Trails Assn. v. Vinton Cty. Commrs. , 182 Ohio App.3d 32, 2009-Ohio-2061, 911 N.E.2d 350, ¶ 14 (4th Dist.). A trial court's "power to certify a class action is also limited to the extent of its jurisdiction. If the court lacks subject matter jurisdiction to hear the case, it also lacks authority to certify the case as a class action." Lingo v. Ohio , 8th Dist. Cuyahoga No. 97537, 2012-Ohio-2391, 2012 WL 1952282, ¶ 16.
{¶ 37} In its judgment entry granting plaintiffs' motion for class certification, the trial court stated,
The department next argues that the General Assembly enactment of R.C. 5160.37 divests this court of subject matter jurisdiction. R.C. 5160.37 amended R.C. 5101.58 to provide Medicaid beneficiaries with the opportunity for an administrative hearing to dispute the amount of recovery sought by the department, and R.C. 5160.37(F) provides that the hearing is "the sole remedy available to party who claims the department has received or is to receive more money than entitled to receive." But the plaintiffs don't claim the department received more money than it was entitled to receive: they claim the department was not entitled to receive any money because it was demanded under an unlawful statute. Yet even if the new statutory administrative process is a bar to subject matter jurisdiction, that is in the nature of an affirmative defense and would apply across the class to bar both this class action lawsuit and individual lawsuits by the class members. As such, the claimed defect in subject matter jurisdiction may be a defense to the lawsuit itself but not to certification of class. Indeed, it would be more efficient for both sides to have that defense adjudicated once instead of piecemeal through individual lawsuits.
{¶ 38} The trial court's above language does not seem to definitively decide whether it had subject matter jurisdiction; however, based on the trial court's express recognition that plaintiffs were arguing that the statute was unconstitutional, we believe that the trial court ultimately concluded that it had subject matter jurisdiction based on the fact that plaintiffs were disputing the validity of the subrogation statute instead of the amount that Medicaid received from their settlement and award. Moreover, after its above findings, the trial court stated that the Department's "general arguments[,]" including lack of subject matter jurisdiction, were "not persuasive" and then proceeded with analyzing class certification under Civ.R. 23. As a result, we find that the trial court did review and rule on whether it had subject matter jurisdiction prior to granting plaintiffs' motion for class certification.
{¶ 39} Turning to the actual issue of whether the trial court, as opposed to the Department, had subject matter jurisdiction, "where the General Assembly has enacted a complete and comprehensive statutory scheme governing review by an administrative agency, exclusive jurisdiction is vested within such agency." Kazmaier Supermarket v. Toledo Edison Co. , 61 Ohio St.3d 147, 153, 573 N.E.2d 655 (1991). However, "[i]t is settled that an administrative agency is without jurisdiction to determine the constitutional validity of a statute."
*354 State ex rel. Columbus S. Power Co. v. Sheward , 63 Ohio St.3d 78, 81, 585 N.E.2d 380 (1992). "A court of common pleas may hear claims against the state for declaratory judgment, injunctive relief, and other equitable relief." Cirino v. Ohio Bur. of Workers' Comp. , 153 Ohio St.3d 333, 2018-Ohio-2665, 106 N.E.3d 41, ¶ 20, citing Santos v. Ohio Bur. of Workers' Comp. , 101 Ohio St.3d 74, 2004-Ohio-28, 801 N.E.2d 441.
{¶ 40} Here, plaintiffs' sole issue underlying their claim for relief is constitutionally based. Therefore, an action for declaratory judgment, rather than a hearing before the Department - which would be futile because the Department cannot decide constitutional issues - is more appropriate and properly within the trial court's jurisdiction. See INA Ins. Co. v. Jump , 10th Dist. Franklin No. 76AP-434, 1976 WL 190350 (Nov. 12, 1976) ("[I]t would appear that an action in declaratory judgment is a superior remedy for plaintiffs as administrative proceedings would be futile preludes to the determination of the constitutional issue which is the sole basis of appellant's claim for relief.").
{¶ 41} While the Ohio Supreme Court has recognized that "facial and as-applied constitutional challenges can be raised on further appeal from an administrative agency to a court[,]"[1] it would be impractical to require plaintiffs to first seek redress in an administrative proceeding without being able to argue and receive a determination on the cornerstone of their position and then, once they lose in the administrative proceeding, to finally be able to receive such a determination on an appeal to the court of common pleas. The Ohio Supreme Court recognized this in Herrick v. Kosydar , 44 Ohio St.2d 128, 339 N.E.2d 626 (1975), where it stated,
[A]n action in declaratory judgment is clearly a superior remedy for plaintiffs. The plaintiffs' claim is based solely upon the constitutionality of R.C. 145.56 and 3307.71, and it is well established that an administrative agency is without jurisdiction to determine the constitutional validity of a statute. * * * Thus, administrative proceedings in this case would be futile preludes to the assertion of plaintiffs' actual claim in a later appeal to the courts. Administrative proceedings could not provide or even consider the relief sought by these plaintiffs. * * * Further, the present action is a class action, brought on behalf of an estimated 40,000 claimants. Administrative remedies would require each of those claimants to file a separate refund application, a requirement which can hardly be considered an equally serviceable alternative to a single declaratory judgment action.
Id. at 130-131, 339 N.E.2d 626.
{¶ 42} As a result, we find that the trial court had subject matter jurisdiction and overrule the Department's first assignment of error.
C. Class Certification
{¶ 43} We now turn to the Department's remaining four assignments of error, all of which contest the trial court's order granting class certification.
{¶ 44} The class action is an invention of equity. Amchem Prods., Inc. v. Windsor , 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Class certification in Ohio is based upon Rule 23 of the Ohio Rules of Civil Procedure, which is identical to Rule 23 of the Federal Rules of Civil Procedure.
*355 The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.
Ritt v. Billy Blanks Ents. , 171 Ohio App.3d 204, 2007-Ohio-1695, 870 N.E.2d 212, ¶ 32-33 (8th Dist.), citing Amchem .
{¶ 45} Trial courts have broad discretion in determining whether a class action may be maintained, and we will not disturb that determination unless a party shows that the trial court abused its discretion. Marks v. C.P. Chem. Co. , 31 Ohio St.3d 200, 509 N.E.2d 1249 (1987). A trial court abuses its discretion when its decision was unreasonable, arbitrary, or unconscionable. Wilson v. Brush Wellman, Inc. , 103 Ohio St.3d 538, 2004-Ohio-5847, 817 N.E.2d 59, ¶ 30.
{¶ 46} "Any 'finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously.' " State ex rel. Davis v. Pub. Emp. Retirement Bd. , 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 19, quoting Marks . "[T]he appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." Hamilton v. Ohio Savs. Bank , 82 Ohio St.3d 67, 70, 694 N.E.2d 442 (1998).
{¶ 47} A trial court's discretion in deciding whether to certify a class action, however, is not unlimited, and must comply with the requirements and framework set forth in Civ.R. 23. Lingo , 8th Dist. Cuyahoga No. 97537, 2012-Ohio-2391, at ¶ 16. In fact, a trial court must "carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." Hamilton at 70, 694 N.E.2d 442.
{¶ 48} Civ.R. 23 sets forth seven requirements for class certification:
(1) an identifiable class must exist and the definition of the class must be unambiguous;
(2) the named representatives must be members of the class;
(3) the class must be so numerous that joinder of all members is impracticable;
(4) there must be questions of law or fact common the class;
(5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class;
(6) the representative parties must be typical of the claims or defenses of the class; and
(7) one of the three Civ.R. 23(B) requirements must be met.
Hamilton at 71, 694 N.E.2d 442.
{¶ 49} Civ.R. 23(B)(2) and (3), which are implicated in this case, provide that a class action may be maintained if Civ.R. 23(A) is satisfied and,
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
*356 {¶ 50} "When a trial court considers a motion to certify a class, it must assume the truth of the allegations in the complaint, without considering the merits of those allegations and claims." Nagel v. Huntington Natl. Bank , 179 Ohio App.3d 126, 2008-Ohio-5741, 900 N.E.2d 1060, ¶ 10 (8th Dist.). The only examination a trial court may perform as to the underlying claims when determining class certification is to determine "whether common questions exist and predominate[.]" Id. at ¶ 12, citing George v. Ohio Dept. of Human Servs. , 145 Ohio App.3d 681, 763 N.E.2d 1261 (10th Dist. 2001). However, the class-certification analysis "will frequently 'overlap with the merits of the plaintiff's underlying claim' because a 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.' " Comcast Corp. v. Behrend, 569 U.S. 27, 27-28, 133 S.Ct. 1426, 185 L.Ed.2d 515 (2013), quoting Gen. Tel. Co. of the S.W. v. Falcon , 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).
{¶ 51} " 'Any doubts a trial court may have as to whether the elements of the class certification have been met should be resolved in favor of upholding the class[.]" Nagel at ¶ 10, quoting Rimedio v. SummaCare , 172 Ohio App.3d 639, 2007-Ohio-3244, 876 N.E.2d 986 (9th Dist.).
1. Statute of Limitations
{¶ 52} The Department's second assignment of error concerns the composition of the plaintiffs' proposed class. The Department argues that the trial court erred because it should have addressed the applicable statute of limitations before certifying the class. In conjunction, the Department argues that the statute of limitations for plaintiffs' action is four years pursuant to R.C. 2305.07 because plaintiffs' claim seeks restitution, and therefore, the class should be limited to individuals who repaid money to Medicaid after April 6, 2009, which is within the four years of plaintiffs' filing of the complaint. Finally, the Department argues that the class the trial court certified was too broad and should not include individuals who repaid money to Medicaid between April 6 and September 28, 2007, because the version of R.C. 5101.58 that plaintiffs challenge did not exist at that time. It argues that because plaintiffs did not challenge the former version of R.C. 5101.58, any individuals who paid under the former statute should not be included in the class.
{¶ 53} In response, plaintiffs argue that the trial court was not required to consider or decide the statute of limitations issue before certifying their proposed class. They also argue that because they set forth a claim for unjust enrichment, the statute of limitations is six years pursuant to R.C. 2305.09. As to the dates, plaintiffs argue that R.C. 5101.58, the former statute, also "plainly violates the federal anti-lien provision and is invalid[.]"
a. Addressing the Statute of Limitations Before Class Certification
{¶ 54} The Ohio Supreme Court has explained
"That a statute of limitations may bar the claims of some, but not all, class members does not compel a finding that individual issues predominate over common ones. * * * Rather, as long as there is a sufficient common nucleus of common issues, differences in the application of a statute of limitations to individual class members will not preclude certification under Rule 23(b)(3)."
Hamilton , 82 Ohio St.3d at 84, 694 N.E.2d 442, quoting 5 Moore, Federal Practice , Section 23.46[3] (3d Ed. 1997). This court has also held that " 'possible differences in the application of a statute of limitations to *357 individual class members, including the named plaintiffs, does not preclude certification of a class action so long as the necessary commonality and, in a 23(b)(3) class action, predominance, are otherwise present.' " Westgate Ford Truck Sales, Inc. v. Ford Motor Co. , 8th Dist. Cuyahoga No. 86596, 2007-Ohio-4013, 2007 WL 2269471, ¶ 97, quoting In re Energy Sys. Equip. Leasing Secs. Litigation , 642 F.Supp. 718 (E.D.N.Y. 1986).
{¶ 55} Thus, the trial court was not required to make a finding as to the statute of limitations beyond finding that Civ.R. 23's commonality and predominance (if applicable) requirements are satisfied. In fact, if the commonality and predominance requirements are satisfied, an issue concerning the application of a statute of limitations does not bar class certification.
b. Commonality
{¶ 56} Here, the trial court found that the commonality requirement was satisfied, stating, "If the named plaintiffs can prove for themselves that the department collected money from them pursuant to an invalid statute, and they are thus entitled to the disgorgement of every dime paid, then they can prove it for the whole class." As to predominance, the trial court stated,
The conferring of benefit i.e., making subrogation payment to the department is easily demonstrated by common proof in the form of the department records that class member made payment under § 5101.58. Those same records will demonstrate the department knowledge of the benefit. As to the third element, if the named plaintiffs prevail on their claim that the subrogation statute is unlawful and the department had no right in the first place to any money, that circumstance will demonstrate the injustice necessitating class[-]wide restitution. No individualized proof is needed on the elements of unjust enrichment despite the fact that particularized evidence will be required to calculate the amount of restitution.
{¶ 57} The Department contests the trial court's finding of commonality, arguing that "[t]here is no commonality or typicality for [the individuals who made payments under former R.C. 5101.58 ] with the class as a whole because they did not pay under the provision that is being challenged for the rest of the class." It also challenges the trial court's finding of predominance because "a declaration about former R.C. 5101.58(G)(2) is simply irrelevant to [individuals who paid under the pre-September-2007 version of R.C. 5101.58 ] - and certainly does not predominate over other issues."
{¶ 58} The commonality requirement under Civ.R. 23(A)(2) requires a "common nucleus of operative facts." Marks , 31 Ohio St.3d at 202, 509 N.E.2d 1249. It "merely [requires] that the basis for liability is a common factor for all class members." Ojalvo v. Bd. of Trustees , 12 Ohio St.3d 230, 235, 466 N.E.2d 875 (1984). "Courts generally have given a permissive application to the commonality requirement in Civ. R. 23(A)(2)." Warner v. Waste Mgt., Inc. , 36 Ohio St.3d 91, 97-98, 521 N.E.2d 1091 (1988). "Typically, the subdivision (a)(2) requirement is met without difficulty for the parties and very little time need be expended on it by the * * * judge." Id. at 97, 521 N.E.2d 1091.
{¶ 59} The commonality requirement "does not demand that all the questions of law or fact raised in the dispute be common to all the parties. * * * Although there may be differing factual and legal issues, such differences do not enter into the analysis until the court begins to consider the Civ.R. 23(B)(3) requirement of *358 predominance and superiority." Marks at 202, 509 N.E.2d 1249.
{¶ 60} We find that there is a common nucleus of operative facts between the individuals who made payments under the pre-September 2007 version of R.C. 5101.58 and the individuals who paid under the post-September 2007 version. Both sets of individuals contest the Department's collection of monies under different versions of the same statute. The Department's overall right to collect did not change between those versions; the only difference was that a former version of the statute made the entirety of a plaintiff's recovery subject to the Department's right to recover rather than only 50 percent set forth in the later version. As a result, we disagree with the Department's points and find that the commonality requirement was satisfied.
c. Predominance
{¶ 61} Civ.R. 23(B)(3) lists factors that are pertinent to a finding of predominance:
(a) the interest of members of the class in individually controlling the prosecution or defense of separate actions;
(b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
(d) the difficulties likely to be encountered in the management of a class action.
"The list in the rule is not exhaustive, so other pertinent factors may be considered." Davis , 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, at ¶ 28.
{¶ 62} As we recognized before, there are
a number of standards that the courts have used to determine predominance: the substantive elements of class members' claims require the same proof for each class member; the proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests; the resolution of an issue common to the class would significantly advance the litigation; one or more common issues constitute significant parts of each class member's individual cases; the common questions are central to all of the members' claims; and the same theory of liability is asserted by or against all class members, and all defendants raise the same basic defenses.
Westgate Ford , 8th Dist. Cuyahoga No. 86596, 2007-Ohio-4013, 2007 WL 2269471, at ¶ 80, citing 5 Moore, Federal Practice (3d Ed. 1977).
{¶ 63} In Barrow v. New Miami , 2016-Ohio-340, 58 N.E.3d 532 (12th Dist.), the court affirmed the trial court's certification of the class under Civ.R. 23(B)(3). The court found that the legal issues involved in the case, the constitutionality of the challenged ordinance and the propriety of restitution, predominated over the class members' differing defenses. Id. at ¶ 44. The court found that because "the court may decide in one stroke whether the procedure established by [the ordinance] ensures adequate due process[,] * * * [t]his amenability to swift disposition renders class action status superior to other methods for a fair and efficient adjudication of the matter[.]" Id.
{¶ 64} We find the same to be true in this case. Here, the question of R.C. 5101.58's constitutionality is the central issue of this case. Should the trial court later find that R.C. 5101.58 is unconstitutional, disposition in a large number of *359 cases would be swift. As a result, we find the trial court did not abuse its discretion in finding that the predominance requirement was satisfied. Based on the above, we find that the trial court was not required to determine the applicable statute of limitations before certifying the class.
{¶ 65} Turning to the Department's argument that the statute of limitations is four, not six years, the trial court has not yet ruled on that issue, thereby precluding our judgment on the issue. If, during further litigation, the trial court finds that the statute of limitations is four years and affects the class composition, then, as the trial court noted, "the class definition can be appropriately modified."
2. Individuals Who Paid Before September 2007
{¶ 66} Finally, we turn to the Department's argument that the class should not include individuals who paid Medicaid before September 2007, when the General Assembly amended R.C. 5101.58 and limited the Department's right of recovery to only half of an individual's settlement or award. To review, prior to September 2007, the statute stated that "the entire amount of any settlement or compromise of the action or claim, or any court award or judgment, is subject to the recovery right of the department[.]" 2003 Am.Sub.H.B. 95. In September 2007, the General Assembly amended the statute's language, changing the amount that was subject to the Department's recovery. 2007 Am.Sub.H.B. 119. In subsection (G)(2) of the revised version, the statute said that "[a]fter fees, costs, and other expenses are deducted from the total judgment [or] settlement, * * * the department * * * shall receive no less than one-half of the remaining amount, or the actual amount of medical assistance paid, whichever is less."
{¶ 67} While the Department is correct that plaintiffs' complaint references R.C. 5101.58(G)(2), the complaint also includes a number of broad statements referring only to R.C. 5101.58 without identifying a specific subsection. We will not nitpick plaintiffs' complaint and construe it as only challenging the constitutionality of the R.C. 5101.58 as amended in September 2007. We find that the trial court did not err in including individuals who paid under the pre-September 2007 version of R.C. 5101.58 in the class.
{¶ 68} As a result, we overrule the Department's second assignment of error.
3. Monetary Relief and Damages Calculations - Civ.R. 23(B)(2) and (3)
{¶ 69} Because the Department's third and fourth assignments of error concern the trial court's findings under Civ.R. 23(B), we will address them together. The Department's third assignment of error argues that the trial court erred in finding that Civ.R. 23(B)(2) applied because the class was not cohesive. Its fourth assignment of error argues that the trial court erred in finding that Civ.R. 23(B)(2) and (3) applied "without reviewing how damages would be calculated."
{¶ 70} Civ.R. 23(B)(2) states that a class action may be maintained if, in addition to satisfying the requirements in Civ.R. 23(A), "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole[.]" This subsection requires that the proposed class (1) primarily seeks injunctive relief, and (2) is cohesive. Wilson v. Brush Wellman, Inc. , 103 Ohio St.3d 538, 2004-Ohio-5847, 817 N.E.2d 59, ¶ 13.
*360 {¶ 71} The Department argues that the trial court abused its discretion because plaintiffs could not establish the cohesiveness requirement under Civ.R. 23(B)(2). Specifically, the Department argues that plaintiffs cannot establish cohesiveness because complete disgorgement is not available.
{¶ 72} We disagree. If the trial court finds that R.C. 5101.58 is unconstitutional, then the Department lacked the necessary statutory authority to collect from plaintiffs, and disgorgement may be appropriate. This remedy may be appropriate regardless of the fact that the Department may be entitled to the funds under federal law. Hypothetically, this just means that the Department may simply have to disgorge the funds and then seek to recollect the funds under a valid statute. While it is not our responsibility to determine whether disgorgement is indeed the proper remedy, we find that the possibility of complete disgorgement supports the trial court's finding of cohesiveness.
{¶ 73} The Department also argues that the trial court erred in finding that Civ.R. 23(B)(2) applied because plaintiffs primarily seek monetary relief. Again, we disagree. The primary relief that the plaintiffs seek is a declaration that R.C. 5101.58 is unconstitutional. See Barrow , 2016-Ohio-340, 58 N.E.3d 532, at ¶ 41 (class certification under Civ.R. 23(B)(2) proper because "the primary objective in the case at bar is to halt operation of the allegedly unconstitutional Ordinance"); Maas v. The Penn Cent. Corp. , 11th Dist. Trumbull No. 2006-T-0067, 2007-Ohio-2055, 2007 WL 1241336, ¶ 45 ("granting the declaratory and injunctive relief that appellees seek is of greater value to the class members than monetary relief"). Such a declaration would entitle plaintiffs to immediate relief and individual inquiries into liability would be unnecessary. Compare Blue Ash Auto, Inc. v. Progressive Cas. Ins. Co. , 8th Dist. Cuyahoga Nos. 104251 and 104252, 2016-Ohio-7965, 2016 WL 7076639, ¶ 19 (finding class certification under Civ.R. 23(B)(2) would be improper because even if indemnification were granted, a case-by-case analysis as to causation would be necessary); Cullen, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, at ¶ 27 (a declaration that the insurer's practices were illegal and violated fiduciary obligations only laid a foundation that would require subsequent individual determination of liability). As a result, we reject the Department's argument regarding Civ.R. 23(B)(2).
{¶ 74} Civ.R. 23(B)(3) states that a class action may be maintained if, in addition to satisfying the requirements in Civ.R. 23(A), "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The common questions of law or fact "must present a significant aspect of the case * * * [and] must be capable of resolution for all members in a single adjudication." Marks , 31 Ohio St.3d at 204, 509 N.E.2d 1249.
{¶ 75} The Department argues that it is impossible to determine if common issues predominate because the trial court failed to determine how damages would be calculated. A trial court should not deny class certification "[w]here the calculation of damages is not particularly complicated[.]" Estate of Reed v. Hadley , 163 Ohio App.3d 464, 2005-Ohio-5016, 839 N.E.2d 55, ¶ 36 (4th Dist.). Here, the Department's contention that the method for calculating damages - whether on a case-by-case or complete disgorgement basis - *361 should have occurred before class certification is without merit. The method of calculating damages will largely depend on the trial court's determination as to R.C. 5101.58's constitutionality. Determining how damages should be calculated without first determining if damages are even warranted is illogical. Therefore, we disagree with the Department's arguments.
{¶ 76} Additionally, the Department argues that plaintiffs cannot satisfy Civ.R. 23(B)(2) and (3) because "federal law authorizes [the Department] to collect on its medicaid liens." Specifically, the Department argues that the trial court cannot order complete disgorgement under Wos , 568 U.S. 627, 133 S.Ct. 1391, 185 L.Ed.2d 471, and Ahlborn, 547 U.S. 268, 126 S.Ct. 1752, 164 L.Ed.2d 459, and that the Department had legal authority to collect money even if R.C. 5101.58 is invalid. The Department maintains that based on those reasons, the class is no longer cohesive because the trial court will need to hold individual evidentiary hearings to "determine what the appropriate amount of the Medicaid lien would be in each case [or], at a minimum, to provide each class member an opportunity to request a hearing." In response, plaintiffs argue that federal law does not authorize the Department to collect on its liens without statutory authority. They also argue that complete disgorgement is proper because monies collected under unlawful statutes must be returned in full.
{¶ 77} The Department's general statement that federal law authorizes it to collect on its liens is not entirely true. While "Congress has directed [s]tates, in administering their Medicaid programs, to seek reimbursement for medical expenses incurred on behalf of beneficiaries[,] * * * [s]tates receiving Medicaid funds must also 'have in effect laws under which, * * * the [s]tate is considered to have acquired the rights of such individual[.]' " Wos at 633, 133 S.Ct. 1391. Put simply, the Department cannot solely rely on the federal Medicaid statute, 42 U.S.C. 1396, to collect on its liens. Instead, the Department also needs statutory authority for that collection. As a result, we reject the Department's argument.
{¶ 78} Further, we already addressed and rejected the Department's disgorgement argument above, finding that disgorgement may be a proper remedy and does not destroy cohesiveness. Accordingly, we find that the trial court did not abuse its discretion in finding that plaintiffs' proposed class satisfied Civ.R. 23(B)(2) and (3), and we overrule the Department's third and fourth assignments of error.
4. Superiority to Administrative Proceedings
{¶ 79} Finally, the Department argues in its fifth assigned error that the trial court failed to "determine whether class certification was clearly superior to the administrative proceedings under R.C. 5160.37(L)."
{¶ 80} In response, plaintiffs argue that the administrative process set forth in R.C. 5160.37(L) did not exist at the time the Department demanded the payments from plaintiffs and that the statute, which they allege is substantive, cannot be applied retroactively. They also argue that it would be "improper to demand [individuals to] produce evidence from years ago of the amount they received from Medicaid, the amounts they repaid, what portion of the amounts they received from third-parties were for medical expenses versus other types of damages, etc."
{¶ 81} Under Civ.R. 23(B)(3), a class action must be "superior to other available methods for the fair and efficient adjudication of the controversy." The factors used *362 to evaluate superiority of a class action include the interest of members of the class in individually controlling the prosecution or defense of separate actions; extent and nature of any litigation concerning the controversy already commenced by or against members of the class; desirability or undesirability of concentrating the litigation of the claims in the particular forum; and difficulties likely to be encountered in the management of a class action. Civ.R. 23(B)(3)(a)-(d).
{¶ 82} In finding superiority, the trial court stated,
It is unlikely that there would be much individual interest by the class members in controlling separate actions. The class would be comprised mainly, if not completely, of low income Medicaid recipients who would not likely recognize cause of action and hire an attorney to pursue individual actions against sophisticated defendant. There is no evidence that there is similar litigation ongoing. Additionally, it seems desirable to concentrate the litigation in one forum and there are no peculiar difficulties that have been alleged that would affect the management of this action as class action.
{¶ 83} We agree with the trial court's findings. A class action is clearly the superior method to adjudicating the instant controversy based on the factors above, including the nonexistence of similar litigation, the strong likelihood that low income Medicaid recipients would not be likely or able to pursue separate actions, and the desirability of handling the controversy - the constitutionality of R.C. 5101.58 - in one adjudication. Class action treatment of this controversy would "eliminate any potential danger of varying or inconsistent judgments, while providing a forum for the vindication of rights of groups of people who individually would be without effective strength to litigate their claims." Hamilton , 82 Ohio St.3d at 80, 694 N.E.2d 442.
{¶ 84} Further, as we explained in the above section addressing subject matter jurisdiction, the administrative process would not be superior to a class action lawsuit because the administrative body - in this case, the Department - lacks the ability to address the central issue of the case, the constitutionality of R.C. 5101.58. As a result, we reject the Department's argument.
{¶ 85} Accordingly, we overrule the Department's fifth assignment of error.
{¶ 86} Judgment affirmed.
PATRICIA ANN BLACKMON, J., and LARRY A. JONES, SR., J., CONCUR

State ex rel. Kingsley v. State Emp. Relations Bd. , 130 Ohio St.3d 333, 2011-Ohio-5519, 958 N.E.2d 169, ¶ 18, citing Reading v. Pub. Util. Comm. , 109 Ohio St.3d 193, 2006-Ohio-2181, 846 N.E.2d 840.