[Cite as *Riley v. Parker*, 2021-Ohio-1726.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHELLE RILEY,                         :

    Plaintiff-Appellee,          :

                             No. 109600

    v.                                 :

NATASHA PARKER, ET AL.,                 :

    Defendants-Appellants.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** May 20, 2021

---

Civil Appeal from the Bedford Municipal Court
Case No. 19CVG05987

---

### *Appearances:*

Kaufman, Drozdowski & Grendell, L.L.C., and Evan T. Byron, *for appellee*.

John T. Forristal, *for appellants*.

---

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Natasha Parker ("Parker") appeals the trial court's eviction order and writ of restitution in favor of plaintiff-appellee, Michelle Riley ("Riley"). For the reasons that follow, we vacate the court's judgment and order that Riley's complaint be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

{¶ 2} Parker and her husband, Shannon Parker, were residing at the premises located at 20611 Ridgewood Road, Warrensville Heights, Ohio, pursuant to a month-to-month lease signed on August 12, 2010. The home was owned by Sheila M. Barnes ("Barnes"), the mother of Riley, and the aunt of Parker. Barnes had been subject to a guardianship, and Kathryn Joseph was appointed her legal guardian.

{¶ 3} On February 21, 2019, Barnes's guardian sent Parker a 30-day termination letter for nonpayment of rent, pursuant to the lease agreement, terminating the month-to-month tenancy as of March 31, 2019. Barnes, however, passed away on March 25, 2019, and her will was filed with the probate court the same day by Riley, who was appointed fiduciary of Barnes's estate on March 26, 2019.

{¶ 4} On August 14, 2019, Parker received a three-day notice requesting her to vacate the premises. The notice was signed by Zachary Burkons ("Burkons"). Parker alleges Burkons was a court-appointed receiver in an unrelated probate case involving one of Barnes's properties. Riley argues that the three-day notice, like the thirty-day notice, was signed by Barnes's fiduciary. However, there is no evidence in the record of the relationship between Burkons and the Barnes's estate.

{¶ 5} On October 31, 2019, in her capacity as executor of Barnes's estate, Riley filed a complaint for eviction and a writ of restitution against Parker and her husband in the Bedford Municipal Court. After several continuances and hearings,

the trial judge issued an eviction order and writ of restitution on March 6, 2020, giving the Parkers until March 16, 2020, to move out. The court takes judicial notice that this move-out date was on the eve of the COVID-19 pandemic, which resulted in a temporary moratorium on evictions. Parker timely filed a notice of appeal on March 16, 2020.

{¶ 6} This appeal follows. Parker raises the following four assignments of error:

> I. The trial court committed reversible error in granting the judgment in forcible entry and detainer for the Plaintiff because it lacked subject-matter jurisdiction due to Plaintiff's failure to serve a notice to vacate to Defendant Natasha Parker that complies with R.C. 5321.17 and R.C. 1923.04.

> II. The trial court committed reversible error in granting the judgment in forcible entry and detainer for the Plaintiff because it lacked subject-matter jurisdiction due to the affidavit of disqualification filed with the Supreme Court of Ohio.

> III. The trial court committed reversible error in granting the judgment in forcible entry and detainer for the Plaintiff because it lacked subject-matter jurisdiction due to plaintiff accepting future rent payments.

> IV. The trial court committed reversible error in granting the judgment in forcible entry and detainer for Plaintiff because it relied on Defendant Parker not filing an answer or other responsive pleading and granting an eviction based on default is impermissible under Ohio law.

## LAW AND ANALYSIS

{¶ 7} Parker's first assignment of error alleges the trial court lacked subject-matter jurisdiction to hear this eviction case because Riley failed to comply with R.C. 5321.17 and 1923.04.

**{¶ 8}** We apply a de novo standard of review to questions of subject-matter jurisdiction. *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 5. ""Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action."" *Pivonka v. Sears*, 2018-Ohio-4866, 125 N.E.3d 343, ¶ 36 (8th Dist.), quoting *ABN AMRO Mtge. Group, Inc. v. Evans* at ¶ 5, quoting *Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6262. "If a trial court lacks subject matter jurisdiction, it cannot act or rule upon the issues presented." *Pivonka* at ¶ 36.

**{¶ 9}** R.C. 1923.04 governs the content and timing of the notice a landlord is required to provide a tenant before bringing a forcible entry and detainer in court. It states that

> (A) Except as provided in division (B) or (C) of this section, a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.

**{¶ 10}** "Compliance with the notice provisions of R.C. 1923.04 is a precondition to invoking a court's jurisdiction in an eviction action." *UMH OH Buckeye II, L.L.C. v. DeCarlo*, 8th Dist. Cuyahoga No. 108912, 2019-Ohio-4986, ¶ 6, citing *Homeowners Assn. at Arrowhead Bay v. Fidoe*, 7th Dist. Mahoning No. 12 MA 136, 2014-Ohio-1469, ¶ 13 (eviction action dismissed because statute requiring

action to be brought in the name of the unit owner was violated). *See also Chillicothe Metro. Hous. Auth. v. Anderson*, 4th Dist. Ross No. 1406, 1988 Ohio App. LEXIS 2552, 14 (June 28, 1988) ("In order to invoke the jurisdiction of the court, full compliance with R.C. 1923.04 is a mandatory requirement, and the notice therein required cannot be waived."), citing *Dayton Metro. Hous. Auth. v. Russell*, 2d Dist. Montgomery No. CA 6396, LEXIS 13590 94, 95-96 (Jan. 3, 1980); *Mularcik v. Adams,* 7th Dist. Jefferson No. 03JE17, 2004-Ohio-1383, ¶ 21, 24-25 (notice with language that inadequately tracks statutorily required language deprives trial court of subject-matter jurisdiction). This is because '"[p]roper service of the three-day notice is a condition precedent to the commencement of an eviction action, and it is a separate jurisdictional step that must be completed before [a forcible entry and detainer] action is filed."' *DeCarlo* at ¶ 6, quoting *Ebbing v. Mathis*, 12th Dist. Butler No. CA2012-10-201, 2013-Ohio-2273, ¶ 11.

{¶ 11} "R.C. 1923.04(A) mandates as a prerequisite to a forcible entry and detainer action, that a tenant be served with a three-day notice to leave the premises that contains certain mandatory language." *DeCarlo* at ¶ 5. In *DeCarlo*, this court found that a three-day notice that failed to identify the party, which ultimately commenced the eviction action against the tenant, did not comply with the notice requirements of R.C. 1923.04(A). *Id.* at ¶ 7. Because the landlord failed to comply with the notice requirements of the statute, we held "the trial court did not have jurisdiction over the action including entering a judgment against DeCarlo." *Id.*

{¶ 12} In this case, the three-day notice to leave the premises was signed by Burkons and the eviction action was ultimately filed by Riley in her capacity as executor of Barnes's estate. There is no evidence in the record of any connection between Burkons and the Barnes's estate. The three-day notice does not contain Riley's name or any reference to the estate and therefore does not comply with the notice requirements of R.C. 1923.04(A). Because Riley did not comply with the notice requirements of R.C. 1923.04(A), the trial court did not have subject-matter jurisdiction over the action and, therefore, was without jurisdiction to enter a judgment against Parker and her husband. *Id.* For these reasons, Parker's first assignment of error is sustained.

{¶ 13} Because we find merit to Parker's first assignment of error, which is dispositive of this appeal, the remaining assignments of error are rendered moot pursuant to App.R. 12(A)(1)(c).

{¶ 14} Judgment vacated; Riley's complaint is dismissed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Bedford Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN T. GALLAGHER, J., CONCUR