[Cite as *Pivonka v. Corcoran*, 2024-Ohio-5318.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MICHAEL PIVONKA, ET AL., | : | |
| Plaintiffs-Appellees, | : | |
| | | No. 113504 |
| v. | : | |
| MAUREEN CORCORAN, DIRECTOR OF OHIO DEPARTMENT OF MEDICAID, | : | |
| | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 7, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-13-804235

---

*Appearances:*

Dworken & Bernstein Co., L.P.A., and Patrick J. Perotti; Garson Johnson LLC and James A. DeRoche; McCarthy, Lebit, Crystal & Liffman Co. LPA and Christian R. Patno, *for appellees*.

Dave Yost, Ohio Attorney General, and Henry G. Appel and Caitlyn N. Johnson, Assistant Attorneys General, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} The Ohio Department of Medicaid ("ODM") appeals from the trial court's journal entry granting the plaintiffs' ("Plaintiffs"), who have received

Medicaid benefits from ODM related to various personal injuries, motion for class certification. After reviewing the facts of the case and pertinent law, we dismiss this appeal and remand the case for further development of the record.

## I. Facts and Procedural History

{¶ 2} In 2013, Plaintiffs filed this class action lawsuit against ODM alleging that ODM was unjustly enriched when Plaintiffs were required to reimburse ODM, pursuant to subrogation rights in former R.C. 5101.58, using the money they received from third-party tortfeasors for personal injuries in various cases. Plaintiffs requested that the court certify the class, declare former R.C. 5101.58 unconstitutional, and require ODM to pay them back the reimbursed money.

{¶ 3} In 2017, the trial court granted Plaintiffs' motion for class certification. ODM appealed this ruling, and this court affirmed the trial court's decision in *Pivonka v. Sears*, 2018-Ohio-4866 (8th Dist.) ("*Pivonka I*"). ODM appealed to the Ohio Supreme Court. *Pivonka v. Corcoran*, 2020-Ohio-3476 ("*Pivonka II*"). The *Pivonka II* Court reversed *Pivonka I*, finding that "R.C. 5160.37 now provides the sole remedy for Medicaid program participants to recover excessive reimbursement payments made to [ODM] on or after September 29, 2007 . . . ." *Pivonka II* at ¶ 2. Therefore, the Ohio Supreme Court reasoned, "the trial court lacked subject-matter jurisdiction over the claims of the unnamed prospective class members who reimbursed [ODM] on or after September 29, 2007." *Pivonka II* at ¶ 25.

{¶ 4} However, not all members of the class reimbursed ODM on or after September 29, 2007. In *Pivonka II*, the Ohio Supreme Court acknowledged that the class included members who reimbursed ODM between April 6 and September 28, 2007, and, thus, are not subject to the application of R.C. 5160.37. *Id.* at ¶ 32. The *Pivonka II* Court noted that ODM "argues for the first time on appeal here that . . . the Court of Claims has exclusive jurisdiction over this action because plaintiffs seek legal, rather than equitable, relief." The Court addressed ODM's argument as follows:

> Here, because [ODM] did not raise its jurisdictional challenge in the trial court, the record has not been fully developed as to the relevant jurisdictional facts, including the disposition of the funds for which plaintiffs seek restitution. We therefore will not consider whether the Court of Claims has exclusive jurisdiction over plaintiffs' claims.
>
> . . . . [W]e remand this cause to the trial court for further consideration. On remand, the record can be fully developed and the trial court can determine whether those unnamed plaintiffs who repaid money to [ODM] between April 6 and September 28, 2007, can maintain their action.

*Id.* at ¶ 35-36.

{¶ 5} *Pivonka II* was released on June 30, 2020, and the following proceedings occurred in the trial court subsequent to the remand from the Ohio Supreme Court.

{¶ 6} On December 4, 2020, ODM filed a renewed motion for judgment on the pleadings,[1] arguing that the court did not have subject-matter jurisdiction to

---

[1] ODM filed its first motion for judgment on the pleadings on September 29, 2015, and the trial court denied this motion on January 4, 2016. The arguments in the first

proceed because the class representative Plaintiffs, Michael Pivonka and Lisa Rios, reimbursed ODM after September 29, 2007, and under *Pivonka II*, they were required to exhaust their administrative remedies under R.C. 5160.37. ODM further argued that Plaintiffs failed to request a substitution of the class representatives to align with *Pivonka II*. ODM also argued that Plaintiffs were seeking legal, rather than equitable, relief, and, as explained in more detail later in this opinion, the Court of Claims has exclusive jurisdiction over this action.

{¶ 7} Plaintiffs opposed ODM's motion, arguing that "the next proper issue in this suit is discovery." On November 19, 2021, the court denied ODM's renewed motion for judgment on the pleadings, finding that it was premature to address the subject-matter jurisdiction issue because the record was not yet "fully developed" as required by the Ohio Supreme Court in *Pivonka II*. Specifically, the trial court stated as follows:

> Until there is a record, a reading of the complaint reveals that the plaintiffs are seeking equitable relief in the form of restitution. . . .
>
> . . . . That assertion is enough to trigger subject matter jurisdiction in the common pleas court, especially in the absence of an evidentiary record demonstrating that the claim asserted is really a legal one subject to the exclusive jurisdiction of the Ohio Court of Claims . . . .
>
> Now that the named plaintiffs' exclusion from the class has been adjudicated, fairness dictates that the plaintiffs be permitted an opportunity to substitute — pursuant to Ohio Rules of Civil Procedure 17 and 25 — as a named plaintiff one or more individuals who paid any amount to [ODM] pursuant to R.C. 5101.58 from April 6 through September 28, 2007.

---

motion concerned only the Plaintiffs who repaid money to ODM on or after September 29, 2007, and are no longer parties to the instant case.

**{¶ 8}** Plaintiffs filed an amended complaint naming new class representative Plaintiffs who reimbursed ODM prior to September 29, 2007. On September 12, 2022, Plaintiffs filed a motion for class certification, which redefined the class pursuant to the Ohio Supreme Court's mandate in *Pivonka II*. On November 23, 2023, the court granted Plaintiffs' motion for class certification.

**{¶ 9}** It from this order granting class certification that ODM appeals, raising three assignments of error for our review.

    I.      The Court of Claims has exclusive subject matter jurisdiction.

    II.    The trial court erred by certifying a class whose claims are barred by the statute of limitations.

    III.   The trial court abused its discretion in certifying a class.

## II. Law and Analysis

### A. Subject-Matter Jurisdiction

**{¶ 10}** "The question of subject-matter jurisdiction is a question of law, subject to a de novo review on appeal." *Cuyahoga Cty. Bd. of Commrs. v. Daroczy*, 2008-Ohio-5491, ¶ 4 (8th Dist.).

**{¶ 11}** "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. Without subject-matter jurisdiction, a trial court has no power to act. A trial court cannot certify a class if it lacks subject-matter jurisdiction over the action." (Citations omitted.) *Pivonka II* at ¶ 20. Subject-matter jurisdiction is never waived and may be challenged at any time. *Id*. at ¶ 33.

**{¶ 12}** The subject-matter jurisdiction issue in the case at hand concerns an exception to the age-old rule that the "court of common pleas is a court of general

jurisdiction. It embraces all matters at law and in equity that are not denied to it." *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559 (1891). "The Court of Claims, however, has exclusive jurisdiction over civil actions against the state for money damages that sound in law." *Measles v. Indus. Comm. of Ohio*, 2011-Ohio-1523, ¶ 7. In other words, the Court of Claims has jurisdiction over actions against the State alleging legal claims, and the courts of common pleas have jurisdiction over actions against the State alleging equitable claims. *Cleveland v. Ohio Bur. of Workers' Comp.*, 2020-Ohio-337, ¶ 10.

{¶ 13} In *Santos v. Ohio Bur. of Workers' Comp.*, 2004-Ohio-28, ¶ 1, ("*Santos II*"), the Ohio Supreme Court addressed the following issue: "[W]hether a suit seeking the return of funds wrongfully collected or held by the state may be properly heard in courts of common pleas, or whether, because that remedy includes the payment of money, the Court of Claims has exclusive jurisdiction."

{¶ 14} In *Santos II*, the plaintiff was injured during the course of his employment and received benefits from the Ohio Bureau of Workers' Compensation ("BWC"). *Id.* at ¶ 2. The plaintiff "later settled an intentional-tort claim against his employer," and the BWC asserted subrogation rights under former R.C. 4123.931 in an attempt to recoup the money it paid to the plaintiff. *Id.* The plaintiff filed a class-action lawsuit against the BWC arguing that former R.C. 4123.931 was unconstitutional and seeking injunctive and declaratory relief. *Id.* at ¶ 3-4. The BWC filed a motion to dismiss, arguing that the common pleas court lacked subject-matter jurisdiction. *Id.* at ¶ 5.

{¶ 15} Notwithstanding the motion to dismiss, the court granted class certification in *Santos*, and the BWC appealed. *Id.* at ¶ 5. This court held that the Court of Claims had exclusive subject-matter jurisdiction over the case. *See Santos v. Admin. BWC*, 2002-Ohio-2731 (8th Dist.) ("*Santos I*"). The Ohio Supreme Court reversed this court's holding in *Santos I*, finding as follows:

> This court held in *Holeton*, 92 Ohio St.3d 115, 2001 Ohio 109, 748 N.E.2d 1111, that the workers' compensation subrogation statute was unconstitutional. Accordingly, any collection or retention of moneys collected under the statute by the BWC was wrongful. The action seeking restitution by Santos and his fellow class members is not a civil suit for money damages but rather an action to correct the unjust enrichment of the BWC. A suit that seeks the return of specific funds wrongfully collected or held by the state is brought in equity. Thus, a court of common pleas may properly exercise jurisdiction over the matter as provided in R.C. 2743.03(A)(2).

*Santos II* at ¶ 17. *See also Ohio Hosp. Assn. v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97, 104 (1991) ("The order to reimburse Medicaid providers for the amounts unlawfully withheld is not an award of money damages, but equitable relief."). Neither the *Santos* nor the *Ohio Hosp.* opinion went into any detail about what the phrase "specific funds" meant.

{¶ 16} Sixteen years later, the Ohio Supreme Court revisited the issue of whether a claim for reimbursement of government money was legal or equitable in nature. In *Cleveland*, 2020-Ohio-337, the Court considered "which court has jurisdiction over an employer's claim against the [BWC] for the reimbursement of alleged excessive premiums paid by the employer." *Id.* at ¶ 1. The *Cleveland* Court noted that since the *Santos* decision was released,

the United States Supreme Court has provided clear guidance regarding what constitutes equitable relief . . . . In 2016, the [United States Supreme Court] explained that a claim sounded in law if it sought to recover from a defendant's general assets rather than 'specifically identified funds that remain in the defendant's possession.' *Montanile v. Natl. Elevator Industry Health Benefit Plan Bd. of Trustees*, 577 U.S. 136, 144-145, 136 S.CT. 651, 193 L.Ed.2d 556 (2016).

*Id*. at ¶ 16. The *Cleveland* Court further found that "if there is not a specifically identifiable fund — or traceable items on which the money from the fund was spent[,]" the plaintiff asserted "'a quintessential action at law.'" *Id*., quoting *Montanile* at 146.

{¶ 17} The *Cleveland* Court applied this new "guidance" to the facts of the case and found that

[a]lthough the BWC kept track of the amount of Cleveland's premium payments, . . . Cleveland's premiums went into a general insurance fund, . . . i.e., they were not kept separate from payments made by other public employers. Once Cleveland's premium payment was deposited into the fund, it became commingled with the premium payments from other employers. . . . It is inconceivable how money belonging to Cleveland could "clearly be traced to particular funds or property" in the BWC's possession . . . . The money allegedly overpaid is no longer in the BWC's possession and cannot be recovered in a suit in equity. Thus, Cleveland's claim sounds in law and must proceed through the Court of Claims, which has exclusive jurisdiction over legal claims against the BWC.

*Id*. at ¶ 17, quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002). We note that *Cleveland* did not expressly overrule *Santos* or *Ohio Hosp*.

{¶ 18} In applying *Santos*, *Ohio Hosp*., and *Cleveland* to the case at hand, we find that the record is no more developed now than when the Ohio Supreme Court remanded this case to the trial court in 2020 in *Pivonka II* for development of the record regarding subject-matter jurisdiction. Indeed, since the *Pivonka II*

remand, the parties have filed and briefed a renewed motion for judgment on the pleadings and a motion for class certification and Plaintiffs have filed an amended complaint. None of these filings further developed the record, or added anything other than counsel's arguments, concerning "the relevant jurisdictional facts, including the disposition of the funds for which plaintiffs seek restitution." *Pivonka II* at ¶ 35. The trial court noted as much when it denied ODM's motion for judgment on the pleadings, stating that the motion contained "the exact same argument the Ohio Supreme Court deemed premature and declined to consider in the absence of a 'fully developed' record."

{¶ 19} The Ohio Supreme Court has held that "in the absence of subject-matter jurisdiction, a court lacks the authority to do anything but announce its lack of jurisdiction and dismiss." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 21. Furthermore, the Ohio Supreme Court has noted "the elementary proposition that 'when jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter.'" *Marysville Exempted Village School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 2013-Ohio-3077, ¶ 10. Although it is the burden of the party asserting subject-matter jurisdiction to show this, we are aware that the "jurisdictional facts" referenced in *Pivonka II* are uniquely in the possession of ODM.

{¶ 20} This court, the trial court, and the Ohio Supreme Court are unable to conduct a meaningful review of whether the trial court has subject-matter jurisdiction over this case without a fully developed record on the issue.

Accordingly, we dismiss this case and remand it to the trial court with an order to the parties to comply with the Ohio Supreme Court's dictate in *Pivonka II* to fully develop the record with the jurisdictional facts needed for the court to determine whether this is a legal or equitable claim under *Cleveland*, *Santos*, and *Ohio Hosp.*

{¶ 21} Appeal dismissed.

It is ordered that appellee recover from appellants costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MICHAEL JOHN RYAN, J., CONCUR