[Cite as *Pivonka v. Partika*, 2026-Ohio-557.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

MICHAEL PIVONKA, ET AL.,　　　　　:

　　　Plaintiffs-Appellees,　　　　:

　　　　　　　　　　　　　　　　　　　　No. 115056
　　v.　　　　　　　　　　　　　　　:

SCOTT PARTIKA, DIRECTOR　　　　　:
OHIO DEPARTMENT OF
MEDICAID,　　　　　　　　　　　　　:

　　　Defendant-Appellant.　　　　:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED AND REMANDED
**RELEASED AND JOURNALIZED:** February 19, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-13-804235

---

*Appearances:*

Dworken & Bernstein Co., L.P.A., and Patrick J. Perotti;
Garson Johnson LLC and James A. DeRoche; McCarthy,
Lebit, Crystal & Liffman Co., LPA, and Christian R. Patno,
*for appellees*.

Dave Yost, Ohio Attorney General, and Henry G. Appel
and Caitlyn N. Johnson, Assistant Attorneys General, *for
appellant*.

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant The Ohio Department of Medicaid ("ODM") appeals the trial court's order finding that plaintiffs-appellees Michael Pivonka and Lisa Rijos's ("Pivonka") cause of action is an equitable, and not a legal, claim. R.C. 5160.37(L)(3), an amendment to R.C. 5160.37 that went into effect on September 30, 2025, potentially divests the trial court of subject-matter jurisdiction in this case. Therefore, we dismiss this appeal and remand the case for the trial court to address the question of subject-matter jurisdiction pursuant to R.C. 5160.37(L)(3).

## I. Relevant Facts and Procedural History

{¶ 2} The following facts and procedural history are relevant to this appeal: On April 5, 2013, Pivonka filed a class-action complaint for equitable relief in the Cuyahoga County Common Pleas Court against defendant-appellant Michael Colbert, the Director of the Ohio Department of Job and Family Services.[1] The complaint alleged that the named parties and other Medicaid beneficiaries sought equitable restitution from the Ohio Department of Job and Family Services for

---

[1] There have been several substitutions of parties over the course of the case. The current parties are plaintiffs Paula Grady and Jessica Grady and defendant Scott Partika, director of ODM. For ease of reference, we continue to refer to the plaintiffs-appellees as "Pivonka." Most recently, Scott Partika was appointed as the director of ODM in October 2025 and thus automatically substituted pursuant to App.R. 29(C).

money collected from them under an invalid subrogation under former R.C. 5101.58.[2]

{¶ 3} On April 10, 2013, Pivonka filed a motion for class certification pursuant to Civ.R. 23(C). On December 21, 2017, the trial court granted Pivonka's motion for class certification. The certified class was "[a]ll persons who paid any amount to [ODM] pursuant to O.R.C. §5101.58 [the old recovery statute] from April 6, 2007, until April 5, 2013, without requirement of court order." ODM appealed, and this court, in *Pivonka v. Sears*, 2018-Ohio-4866 (8th Dist.) ("*Pivonka I*"), affirmed the trial court's order granting Pivonka's motion to certify a class. ODM appealed again, and in *Pivonka v. Corcoran*, 2020-Ohio-3476 ("*Pivonka II*"), the Ohio Supreme Court reversed this court. The Ohio Supreme Court held that the trial court lacked subject-matter jurisdiction "[b]ecause R.C. 5160.37 now provides the sole remedy for Medicaid program participants to recover excessive reimbursement payments made to the Department on or after September 29, 2007[.]" *Pivonka II* at ¶ 2. The Court further found that the statute only applied to participants who repaid money to ODM on or after September 29, 2007, and the trial court certified a class with participants who repaid money beginning on April 6, 2007. In the appeal, ODM raised a jurisdictional challenge with respect to participants who repaid money between April 6 and September 28, 2007. The *Pivonka II* Court found as follows:

---

[2] In 2013, R.C. 5101.58 was amended and renumbered as R.C. 5160.37. 2013 Am.Sub.H.B. No. 59.

Here, because the Department did not raise its jurisdictional challenge in the trial court, the record has not been fully developed as to the relevant jurisdictional facts, including the disposition of the funds for which plaintiffs seek restitution. We therefore will not consider whether the Court of Claims has exclusive jurisdiction over plaintiffs' claims.

Because R.C. 5160.37(L)(2) does not apply to claims made by participants who repaid money to the Department between April 6 and September 28, 2007, and we will not consider whether the Court of Claims has exclusive jurisdiction over those claims without further development of the record, we remand this cause to the trial court for further consideration. On remand, the record can be fully developed and the trial court can determine whether those unnamed plaintiffs who repaid money to the Department between April 6 and September 28, 2007, can maintain their action.

*Pivonka II* at ¶ 35-36.

{¶ 4} After additional litigation, and in response to *Pivonka II*, Pivonka filed an amended complaint on June 29, 2022. The amended complaint named new class representatives who allegedly were forced to forfeit a portion of their tort recovery to ODM pursuant to R.C. 5101.58 between April 6 and September 28, 2007. On September 12, 2022, Pivonka filed a new motion for class certification that was largely identical to the previous motion. It differed only in that it contained a class time period that fell within the time parameters set out by R.C. 5101.58. On November 29, 2023, the trial court granted Pivonka's de novo motion for class certification. The certified class consisted of

[a]ll persons who:

a. received a demand from [ODM] for repayment of medical expenses pursuant to R.C. 5101.58; and

b. paid any amount to [ODM] pursuant to R.C. 5101.58 between April 6 and September 28, 2007, without a court order.

**{¶ 5}** ODM filed an appeal from this order, and the case was before this court again in *Pivonka v. Corcoran*, 2024-Ohio-5318 (8th Dist.) ("*Pivonka III*"). The *Pivonka III* Court found that

> [t]his court, the trial court, and the Ohio Supreme Court are unable to conduct a meaningful review of whether the trial court has subject-matter jurisdiction over this case without a fully developed record on the issue. Accordingly, we dismiss this case and remand it to the trial court with an order to the parties to comply with the Ohio Supreme Court's dictate in *Pivonka II* to fully develop the record with the jurisdictional facts needed for the court to determine whether this is a legal or equitable claim under *Cleveland* [*v. Ohio Bur. of Workers' Comp.*, 159 Ohio St.3d 459 (2020)], *Santos* [*v. Ohio Bur. of Workers' Comp.*, 2004-Ohio-28], and *Ohio Hosp.* [*v. Ohio Dept. of Human Servs.*, 62 Ohio St.3d 97 (1991).]

*Pivonka III* at ¶ 20.

**{¶ 6}** The case was remanded once again to the trial court. On March 28, 2025, the trial court issued a decision finding that Pivonka's claim is equitable and not legal. The present appeal stems from that order.

**{¶ 7}** On July 7, 2025, ODM filed a notice of supplemental authority with this court. The supplemental authority stated, in part, that

> [o]n June 30, 2025, the Governor signed House Bill 96. In that bill, the General Assembly amended R.C. 5160.37 (the successor statute to R.C. 5101.58) to provide the administrative-review process in that section to those who repaid money to the Department between April 6, 2007, and September 28, 2007. *See* R.C. 5160.27(L)(3).

**{¶ 8}** On July 23, 2025, the case was remanded to the trial court "for the sole purpose of the parties addressing the issues raised by the new legislation." On August 15, 2025, the trial court found that R.C. 5160.37(L)(3) did not go into effect until September 30, 2025; thus, the trial court could not "declare whether the

enactment of Section (L)(3) is constitutional — or whether the trial court still has subject matter jurisdiction — for the simple reason that the statute is not yet effective."

{¶ 9} The parties subsequently filed their briefs with this court, and ODM presented the following issues (hereinafter "assignments of error") for review.

1. The Court of Claims has exclusive jurisdiction over claims of restitution against a State agency unless a party is seeking restitution of funds that are clearly identified and not commingled. Ohio law required that any funds received in 2007 under former R.C. 5101.58 be deposited into the "Medicaid revenue and collections fund." The trial court certified a class despite lacking subject matter jurisdiction. Did the trial court err?

2. Ohio law establishes that the four-year statute of limitations found in R.C. 2305.09(B) applies to claims of restitution because it involves "the recovery of personal property, or for taking or detaining it." The trial court certified a class where every member is outside this statute of limitations. Did the trial court err?

3. Before certifying a class, a court is required to examine legal and factual issues relevant to class certification even if they are part of the merits of the plaintiff's underlying claims. The trial court did not review legal questions about the appropriateness of complete disgorgement despite the fact that this is a class-dispositive issue. Did the trial court err?

{¶ 10} ODM later filed a supplemental brief raising the following additional assignment of error:

4. A court may not certify a class if it lacks subject matter jurisdiction. On September 30, 2025, the General Assembly extended the administrative remedy found in R.C. 5160.37 to members of this class. The Ohio Supreme Court has held that this is the sole remedy available. Should this Court vacate the class certification because the trial court no longer has authority to grant any relief?

## II. Law and Analysis

{¶ 11} We consider ODM's fourth assignment of error first because it is dispositive of the appeal. In its fourth assignment of error, ODM contends that the trial court may not certify a class because R.C. 5160.37(L)(3) divests the trial court of subject-matter jurisdiction.

{¶ 12} As the court in *Pivonka II* explained:

> Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. *State v. Harper*, 160 Ohio St. 3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23. Without subject-matter jurisdiction, a trial court has no power to act. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 78, 701 N.E.2d 1002 (1998). A trial court cannot certify a class if it lacks subject-matter jurisdiction over the action.

*Pivonka II* at ¶ 20.

{¶ 13} However, "[q]uestions not addressed by the trial court generally will not be ruled on by the appellate court." (Citations omitted.) *You v. N.E. Ohio Med. Univ.*, 2020-Ohio-4661, ¶ 30 (10th Dist.). *See also State v. Peagler*, 76 Ohio St.3d 496, 501 (1996) ("A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue."), *Jefferis Real Estate Oil & Gas Holdings, L.L.C. v. Schaffner Law Offices, L.P.A.*, 2018-Ohio-3733, ¶ 43 (7th Dist.) ("[W]e refrain from deciding the claim for which the trial court did not issue a ruling."). *State v. Fletcher*, 2023 Ohio App. LEXIS 4687, *6 (8th Dist. Nov. 16, 2023) ("We will not consider the propriety of the motion for the first time on appeal. We therefore disregard the second assignment of error and dismiss this portion of the appeal.").

{¶ 14} As stated above, the trial court did not rule on whether it has subject-matter jurisdiction pursuant to R.C. 5160.37(L)(3). Therefore, we find that this court is unable to conduct a review of whether the trial court has subject-matter jurisdiction over this case. Accordingly, we dismiss the case and remand it to the trial court with an order to determine whether the trial court has subject-matter jurisdiction pursuant to R.C. 5160.37(L)(3).

{¶ 15} We are also unable to review ODM's first, second, and third assignments of error at this time because the subject-matter jurisdiction issue raised by R.C. 5160.37(L)(3) potentially renders the remaining assignments of error moot.

{¶ 16} Case dismissed and remanded to the trial court.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, A.J., and
SEAN C. GALLAGHER, J., CONCUR